## Orndoff *v.* Taylor, Appellant.

*Trespass—Unlawful cutting of timber—Treble damages—Act of March 29, 1824, P. L. 153.*

In an action of trespass to recover damages for cutting and carrying away three timber trees, the trial court commits no error in charging as follows: "This action having been brought under Section 3 of the Act of March 29, 1824, P. L. 153, if the jury believe from the evidence that the three white oak timber trees were standing on plaintiff's land, and without his knowledge or consent, were cut by defendant or under his direction, and he converted them to his own use, then the plaintiff is entitled to recover and

Syllabus—Opinion of Court below. [70 Pa. Superior Ct,
the verdict of the jury should be for plaintiff for three times the
value of the trees as established by the evidence."

Argued April 9, 1918. Appeal, No. 94, April T., 1918,
by defendant, from judgment of C. P. Green Co., Sept.
T., 1918, No. 49, on verdict for plaintiff in case of Isaac
Orndoff v. Zacharia Taylor. Before ORLADY, P. J., POR-
TER, HENDERSON, HEAD, KEPHART, TREXLER and WIL-
LIAMS, JJ. Affirmed.

Trespass to recover damages for cutting and carrying
away three timber trees. Before RAY, P. J.

At the trial the jury returned a verdict for plaintiff
for $105. On a motion for a new trial and for judgment
n. o. v. RAY, P. J., filed the following opinion:

This is an action of trespass in which the plaintiff
seeks to recover damages from the defendant for cutting
and carrying away timber trees. On the trial the jury
returned a verdict in favor of the plaintiff for $105. The
defendant filed a motion for judgment non obstante vere-
dicto, and a motion for a new trial. These two motions
are now before the court. In support of the motion for
a new trial nineteen reasons have been filed. After an
examination of the whole matter we are not satisfied,
either that the defendant is entitled to judgment non
obstante veredicto, or that he is entitled to a new trial.
We do not think, as claimed by defendant in two of the
reasons filed, that the verdict was against the weight of
the evidence or the charge of the court. Neither do we
think that any substantial error was committed in the
admission of evidence, or in the ruling on the points for
charge to the jury submitted by the parties. We did not
seek on the trial to establish the exact property line as
between the contending parties. The evidence showed
that the ground on which the timber trees stood had
been in the custody and possession, under a claim of
ownership, of the plaintiff and those under whom he
claimed, for a period of thirty years, or longer.

Among other things the defendant complains because of the affirmance by the court of the second point for charge to the jury presented by the plaintiff. That point reads: "This action having been brought under Section 3, of the Act of March 29, 1824, P. L. 153, if the jury believe from the evidence that the three white oak timber trees were standing on plaintiff's land, and without his knowledge or consent, were cut by defendant or under his direction, and he converted them to his own use, then the plaintiff is entitled to recover, and the verdict of the jury should be for plaintiff for three times the value of the trees as established by the evidence." The said act of assembly provides: "In all cases where any person . . . . . . shall cut down or fell, or employ any person or persons to cut down or fell, any timber tree or trees, growing upon the lands of another, without the consent of the owner thereof, he, she, or they so offending shall be liable to pay to such owner double the value of such tree or trees so cut down or felled; or, in case of the conversion thereof to the use of such offender or offenders, treble the value thereof, to be recovered, with costs of suit, by action of trespass or trover, etc." Relying upon this statute we think there was no error in the affirmance of the said point. The jury evidently found that the defendant not only cut the three trees in question, but also that he carried them away and converted them to his own use; and the evidence was sufficient, if they believed it, upon which to base such a finding. After an examination of all the exceptions filed, and of the evidence taken upon the trial, we are of opinion that the verdict should stand. Therefore the following order was made:

This matter came on to be heard and was argued by counsel; and now, October 15, 1917, after due consideration, it is ordered, adjudged and decreed that the motion for judgment n. o. v. be and the same is hereby overruled; and it is further ordered, adjudged and decreed that the motion for a new trial be and the same hereby is over-

ruled, and it is further ordered that judgment be entered on the verdict on payment of the jury fee.

*Error assigned,* among others, was in overruling motion for judgment n. o. v.

*Carl J. Crawford,* for appellant, cited: Dunbar Furnace Co. v. Fairchild, 121 Pa. 563.

*James J. Purman,* with him *Joseph Patton,* for appellee, cited: McCloskey v. Powell, 138 Pa. 388; Jackson v. Gunton, 26 Pa. Superior Ct. 203.

PER CURIAM, July 10, 1918:
able counsel, and disputed questions of fact were adequately submitted to a jury. The assignments of error are fully answered in the opinion filed overruling the motions for a new trial and for judgment non obstante veredicto.

The judgment is affirmed.